UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacqueline Fernandez, | |
| Plaintiff, | 25-CV-600 (AS) |
| -against- | ORDER |
| Rubyclaire Boutique, Inc., | |
| Defendant. | |

ARUN SUBRAMANIAN, United States District Judge:

Before the Court are defendant's motion to dismiss for failure to state a claim and for lack of subject-matter jurisdiction due to a lack of standing. Dkts. 12, 21. Typically, the Court would ensure that the plaintiff has standing before proceeding to consider the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). But where there is a "simultaneous submission" of an identical legal argument in a companion case without such a standing dispute, "it [is] unnecessary for [the Court] specifically to decide the jurisdictional questions." *Norton v. Mathews*, 427 U.S. 524, 525 (1976); *see also Steel Co.*, 523 U.S. at 98 (distinguishing *Norton*); *Center for Reprod. L. & Pol'y v. Bush*, 304 F.3d 183, 194 (2d Cir. 2002) (recognizing that *Norton* remains good law after *Steel Co.*); *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 347 (2d Cir. 2018) (Calabresi, J., concurring) (similar).

The Court recently addressed an identical question on the merits in a case filed by the same plaintiff, raising the same claims, in a lawsuit filed less than three months later. *See Fernandez v. Gainful Health, Inc.*, 2025 WL 3538339 (S.D.N.Y. Dec. 10, 2025). Thus, "the outcome" on the merits "was 'foreordained'" by the Court's prior ruling. *Center*, 304 F.3d at 194 (quoting *Steel Co.*, 523 U.S. at 98). Applying the same analysis as in *Gainful Health*, the Court holds that the Americans with Disabilities Act's definition of "place of public accommodation" does not cover online-only retailers. 2025 WL 3538339, at *1–*2. It also finds, for the same reasons as in the prior case, that leave to amend would be futile and that exercising supplemental jurisdiction over plaintiff's state-law claims would not be warranted. *Id.* at *3–*4.

Thus, Fernandez's federal claims are DISMISSED WITH PREJUDICE. As the Court declines to exercise supplemental jurisdiction over the state-law claims, those claims are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 12 and 21, to enter judgment for defendant, and to close the case.

SO ORDERED.

Dated: January 5, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge